A CERTIFIED TRUE COPY

OCT 29 2003

ATTEST
FOR THE JUDICIAL PANEL OF
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 29 2003

FILED
CLERK'S OFFICE

DOCKET NO. 1401

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE SULZER ORTHOPEDICS INC. HIP PROSTHESIS AND KNEE PROSTHESIS PRODUCTS LIABILITY LITIGATION

*Brian C. Howard, M.D., et al. v. Centerpulse Ltd., et al.*, N.D. Oklahoma, C.A. No. 4:02-564

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ AND ROBERT L. MILLER, JR., JUDGES OF THE PANEL

### TRANSFER ORDER

Before the Panel is a motion brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by the husband and wife plaintiffs in one Northern District of Oklahoma action (*Howard*). Plaintiffs move the Panel to vacate its order conditionally transferring *Howard* to the Northern District of Ohio for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Kathleen McDonald O'Malley. Defendant Centerpulse Orthopedics, Inc. [formerly, Sulzer Orthopedics Inc. (Sulzer)] supports transfer.

On the basis of the papers filed and hearing session held, the Panel finds that *Howard* involves common questions of fact with actions in this litigation previously transferred to the Northern District of Ohio, and that transfer of *Howard* to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel is persuaded that transfer of *Howard* is appropriate for reasons expressed by the Panel in its previous orders directing centralization in this docket. In its initial MDL-1401 transfer order, the Panel held that the Northern District of Ohio was a proper Section 1407 forum for actions regarding allegations of injury caused by defective hip implants manufactured and distributed by common defendant Sulzer. *See In re Inter-Op Hip Prosthesis Products Liability Litigation*, 149 F.Supp.2d 931 (J.P.M.L. 2001). On November 2, 2001, the Panel ordered the name of the litigation changed to its current title, a decision that reflected the expansion of the litigation to include claims involving another Sulzer product line, its knee implants. Purportedly, certain of the knee implants suffered defects similar in nature to those that had occurred in Sulzer hip implants.

Plaintiffs argue that transfer should be denied because the Sulzer knee implant product which is the subject of *Howard* was not part of the knee implant products specifically identified by Sulzer as affected Sulzer products to be included within the terms of the MDL-1401 class settlement (pursuant to which the overwhelming majority of MDL-1401 actions have now been resolved). We

- 2 -

are not persuaded, on the basis of the record before us, that this is a sufficient ground for denying transfer of *Howard*. While defendants are resisting plaintiffs' claims of defect with respect to the particular product implanted in Dr. Howard, the action still appears to present complex issues of fact relating to the manufacturing process for, and the alleged defect of, the same brand of knee implant involved in the MDL-1401 class settlement. We note that there are still other actions pending in the transferee district (brought by plaintiffs opting out of the MDL-1401 class) which will require discovery regarding the allegedly defective Sulzer products. Moreover, we observe that transfer under Section 1407 has the benefit of placing all actions in this docket before a single transferee judge already familiarized with the complex questions at issue in MDL-1401. The transferee judge can thus structure pretrial proceedings to consider all parties' legitimate discovery needs while ensuring that common parties and witnesses are not subjected to discovery demands which duplicate activity that has already occurred or is occurring in other actions. We also point out that transfer under Section 1407 has the additional streamlining effect of fostering a pretrial program that: i) allows discovery with respect to any non-common issues to proceed concurrently with remaining discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and ii) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. Finally, to any party in this docket that believes the uniqueness of its particular situation renders continued inclusion of its action in MDL-1401 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Kathleen McDonald O'Malley for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

/s/ Wm. Terrell Hodges
_____
Wm. Terrell Hodges
Chairman