**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| | : | **Case No. 1:01-CV-9000** |
| | : | |
| **IN RE: SULZER HIP PROSTHESIS** | : | **(MDL Docket No. 1401)** |
| **AND KNEE PROSTHESIS** | : | |
| **LIABILITY LITIGATION** | : | **JUDGE O'MALLEY** |
| _____ | : | |
| **THIS DOCUMENT RELATES TO:** | : | |
| *Howard v. Sulzer Orthopedics, Inc.,* | : | **MEMORANDUM & ORDER** |
|       **1:03CV9006** | : | |
| *Burgess v. Sulzer Orthopedics, Inc.,* | : | |
|       **1:04CV9005** | : | |
| _____ | : | |

Sulzer moves the Court for an Order directing plaintiffs Burgess and Howard to show cause why summary judgment should not be entered as to the claims remaining in their cases (*Howard* docket no. 62; *Burgess* docket no. 15).  For the reasons stated below, these motions are **DENIED**.  Instead, the Court directs the parties to proceed as follows.

On or before the date that is 28 days (4 weeks) from the date of this Order, Sulzer shall file a motion for summary judgment on plaintiffs' remaining claims for negligence per se.  Plaintiffs shall file a brief in opposition on or before the date that is 56 days (8 weeks) from the date of this Order.  Sulzer may then file a reply brief on or before the date that is 70 days (10 weeks) from the date of this Order.

\*     \*     \*     \*     \*

Earlier, this Court entered Orders directing plaintiffs Burgess and Howard (among others) to show cause why all of their claims should not be dismissed, on the basis of federal preemption.  *See* MDL master docket no. 2821; *Howard* docket no. 8 (collectively, "*Show Cause Order*").  The essence of the *Show Cause Order* was: (1) in the related case of *Moore v. Sulzer Orthopedics, Inc.,* the Court had entered summary judgment against the plaintiff on all claims, on the basis of federal preemption; (2)

*Moore* appeared factually indistinguishable from *Howard* and *Burgess*; and (3) unless Howard and Burgess could explain how their cases were different from *Moore*, the Court would use the same reasoning to enter summary judgment on all of their claims, as well.

Following submission of briefs, the Court concluded that virtually all of Howard's and Burgess's claims were, in fact, preempted, such that Sulzer was entitled to summary judgment on those claims as a matter of law; however, the Court further concluded that Burgess's and Howard's claims for negligence per se were not preempted.  *See In re: Sulzer Hip Prosthesis and Knee Prosthesis Liab. Litig.*, 455 F.Supp.2d 709 (N.D. Ohio 2006).  The Court concluded its analysis as follows:

> Howard and Burgess argue they should be allowed to pursue their own discovery to test the veracity of Sulzer's evidentiary submissions, and also to see if they can uncover some other deviation from FDA requirements by Sulzer that caused their particular NK-II implants not to work as intended.  The current state of the evidence suggests this may be an uphill battle, but it is theirs to choose to fight.  If Sulzer is correct, it may reassert its argument that it is entitled to judgment on Howard's and Burgess's negligence per se claims in the context of Rule 56.  Howard and Burgess must each be allowed an opportunity to conduct discovery to uncover factual support for their single remaining claim.

*Id.* at 722.  Put differently, the Court granted summary judgment on most of plaintiffs' claims, but deferred ruling on their claims of negligence per se, instead allowing plaintiffs to pursue discovery, pursuant to Fed. R. Civ. P. 56(f).

Following this grant of partial summary judgment, the Court set discovery and dispositive motion deadlines – both of which recently passed.  Plaintiffs assert that Sulzer's current motion to show cause is tantamount to an abbreviated motion for summary judgment, and is merely a ploy to circumvent the dispositive motion deadline.  Sulzer replies that it is actually "renewing" a motion to show cause motion filed two years ago, which sought judgment as a matter of law on all of plaintiffs' claims, so it did not miss any deadline.  Sulzer also adds that, when plaintiffs complained during the discovery period that

2

they were not meeting with success in obtaining evidence requested from MDL plaintiffs' counsel, Sulzer obtained the requested materials for plaintiffs before the discovery deadline expired.

In light of the procedural posture of this case, the Court concludes as follows.  It is time for the liability issues raised by Sulzer to be made fully ripe.  Rather than proceeding under the rubric of a show cause motion, however, the better procedure is for Sulzer to file a formal motion for summary judgment, complete with supporting evidentiary materials.  Plaintiffs Howard and Burgess, having now had an opportunity to pursue discovery, may respond and attempt to show disputed issues of material fact.  As the Court earlier ordered, if the motion for summary judgment on liability is denied, Sulzer may seek discovery from plaintiffs regarding damages, and the Court will set the matter for trial.  The Court declines plaintiffs' invitation to defer the question of liability until Sulzer files a Rule 50 motion at trial.

**IT IS SO ORDERED.**

/s/ Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED**: March 23, 2007

03cv9006c-ord.wpd

3