03cv9006e-ord (SuggestionRemand).wpd

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

In re: Sulzer Hip Prosthesis and Knee Prosthesis
Products Liability Litigation                                MDL No. 1401

_____

### SUGGESTION OF REMAND

*Howard v. Sulzer Orthopedics, Inc.*, **1:03-CV-9006** (**N.D. Ohio**)
(originally case no. 4:02-564 (N.D. Okla.); transferred pursuant to CTO entered on Oct. 29, 2003)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
|  | : | Case No. 1:01-CV-9000 |
|  | : |  |
| IN RE: SULZER HIP PROSTHESIS | : | (MDL Docket No. 1401) |
| AND KNEE PROSTHESIS | : |  |
| LIABILITY LITIGATION | : | JUDGE O'MALLEY |
|  | : |  |
| THIS DOCUMENT RELATES TO: | : |  |
|  | : |  |
| *Howard v. Sulzer Orthopedics, Inc.*, | : | **SUGGESTION OF REMAND** |
| 1:03-CV-9006 | : |  |
|  | : |  |
|  | : |  |

For the reasons stated below, and pursuant to Rule 10.1(b)(i) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the undersigned transferee judge now suggests that the above-captioned case be **remanded** to the transferor court, the United States District Court for the Northern District of Oklahoma.

\*     \*     \*     \*     \*

This MDL Court was appointed to oversee all litigation related to claims of injury allegedly caused by hip and knee implants manufactured by defendant Sulzer. Over eight years ago, on May 8, 2002, the Court entered an Order granting final certification to a national Plaintiff Class and sub-classes, and granting final approval to a settlement agreement between the Plaintiff Class and the Sulzer Defendants. Since that time, about $1 Billion in benefits has been distributed through the claims administration process. In 2009, because the vast majority of the settlement process was finished, this

2

honorable Panel characterized this MDL as "terminated," although a few small matters still remain.[1]

With regard to the subject case of *Howard v. Sulzer Orthopedics, Inc*., in March of 2009, at about the same time the Panel declared the centralized proceedings in this MDL terminated, the undersigned entered an order granting summary judgment to defendant. Specifically, this Court concluded that Howard's sole remaining claim of negligence per se was preempted. Because this conclusion was a sufficient basis to render judgment, the Court did not reach Sulzer's alternative argument that Oklahoma law does not recognize a claim of negligence per se premised on a violation of FDA regulations.

Plaintiff Howard appealed, and the Sixth Circuit Court of Appeals reversed and remanded on June 16, 2010. *Howard v. Sulzer Orthopedics, Inc.*, 382 Fed. Appx. 436 (6th Cir. June 16, 2010). The appellate court ruled that Howard's claim was not preempted, and "le[ft] it to the district court [on remand] to consider Sulzer's alternative ground for summary judgment: namely, whether Oklahoma law recognizes a negligence per se action based on violations of FDA regulations." *Id.* at 442. The appellate court also left for the district court on remand "the question whether Howard had actually created a genuine issue that oil was left on his device" during the manufacturing process, which is the negligent act that Howard alleged to support his claim. *Id.*

Following remand, the parties filed the following motions: (1) Howard filed a motion for summary judgment on the question of liability, asserting there was no issue of material fact as to whether Sulzer failed to clean all of the machine oil from his hip implant; (2) Sulzer filed a motion for summary judgment on Howard's claim of negligence per se, asserting Oklahoma does not recognize a negligence

---

[1] As recently as November 17, 2010, for example, the settlement claims administrator filed a "motion for order adjudicating claims administrator's obligations regarding medicare settlement." This motion addresses administrative matters associated with the settlement, as opposed to "coordinated or consolidated pretrial proceedings." 28 U.S.C. §1407.

per se action based on violation of an FDA regulation; and (3) Howard filed a motion to remand his case to the transferor court, asserting that, in light of the stage of this MDL, his case does not share any common pretrial proceedings with any other related cases.

The Court concludes that Howard's motion for remand is well-taken, and the pending motions for summary judgment should be decided by the transferor court. As this Panel has noted, "in some cases situations exist where the purpose of the statute [28 U.S.C. §1407] has been satisfied and areas of discovery remain that more properly can be concluded in the original transferor district." *In re A. H. Robins Co., Inc. "Dalkon Shield" IUD Prods. Liab. Litig.*, 453 F.Supp. 108 (J.P.M.L. 1978). For four different reasons, this appears to be such a situation. First, to the extent additional discovery might be appropriate in *Howard* (e.g., expert discovery regarding the presence of machine oil on Howard's hip implant, and the chain of custody of the implant before it was tested for oil), the transferor and transferee courts are equally capable of oversight. Second, given that the *Howard* case is the only one remaining in this MDL, there are no longer any great efficiencies available through coordinated pretrial proceedings. Third, plaintiff Howard is not and never was a member of the MDL Plaintiff Settlement Class; although he claimed the same injury as class members, he did not receive an "affected product." And fourth, because the trial court must now determine whether Oklahoma law recognizes a claim of negligence per se premised on a violation of FDA regulations, the transferor court's greater familiarity with Oklahoma law counsels in favor of remand.

Accordingly, this MDL transferee court hereby suggests that the *Howard* case be remanded to the transferor court, being the United States District Court for the Northern District of Oklahoma.

**IT IS SO ORDERED.**

/s/ Kathleen M. O'Malley  
**KATHLEEN McDONALD O'MALLEY**  
**UNITED STATES DISTRICT JUDGE**

**DATED**: December 6, 2010